
FILED
Jun 06, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PHILLIP A. TALBERT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-cr-00126-NODJ-BAM |
|---|---|
| Plaintiff, | 18 U.S.C. § 933(a)(3) – Conspiracy to Traffic in Firearms; 18 U.S.C. § 922(g)(1) – Possession of A Firearm By A Felon; 18 U.S.C. §§ 924(d)(1), 934(a)(1)(A), 934(a)(1)(B), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| WENDELL MOTON, DONNIE HICKS, AND MCCAEL MARSHALL, | |
| Defendants. | |

INDICTMENT

COUNT ONE: [18 U.S.C. § 933(a)(3) – Conspiracy to Traffic in Firearms]

The Grand Jury charges: T H A T

WENDELL MOTON,
DONNIE HICKS, and
MCCAEL MARSHALL,

defendants herein, on or about April 21, 2024, in the County of Fresno, State and Eastern District of California, did conspire with each other and others known and unknown to knowingly transfer a firearm, to wit:

(1) A Glock 27 handgun with a full auto selector switch, a machinegun;

to another person, in and otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would

1 | constitute an offense under Federal and State law punishable by imprisonment for a term exceeding one
2 | year, in violation of Title 18, United States Code, Section 933(a)(3).

COUNT TWO: [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

The Grand Jury further charges: T H A T

WENDELL MOTON,

defendant herein, on or about March 27, 2024, in the County of Fresno, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

(1) Assault By Means Likely to Cause Great Bodily Injury in violation of Cal. P.C. § 245(a)(1), on or about August 4, 2009, in Fresno County, California;

(2) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), on or about April 16, 2012, in the Eastern District of California;

(3) Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), on or about September 22, 2014, in the Eastern District of California;

(4) Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), on or about June 6, 2022, in the Eastern District of California;

(5) Felon in Possession of a Firearm in violation of Cal P.C. § 29800(a), on or about November 3, 2022, in Fresno County, California;

did knowingly possess a firearm, specifically, a Beretta BU9 Nano handgun, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT THREE: [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

The Grand Jury further charges: T H A T

WENDELL MOTON,

defendant herein, on or about April 21, 2024, in the County of Fresno, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

INDICTMENT

2

    (1) Assault By Means Likely to Cause Great Bodily Injury in violation of Cal. P.C. § 245(a)(1), on or about August 4, 2009, in Fresno County, California;

    (2) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), on or about April 16, 2012, in the Eastern District of California;

    (3) Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), on or about September 22, 2014, in the Eastern District of California;

    (4) Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1), on or about June 6, 2022, in the Eastern District of California;

    (5) Felon in Possession of a Firearm in violation of Cal P.C. § 29800(a), on or about November 3, 2022, in Fresno County, California;

did knowingly possess a firearm, specifically, a Glock 27 handgun, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FOUR: [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

    The Grand Jury further charges: T H A T

DONNIE HICKS,

defendant herein, on or about April 21, 2024, in the County of Fresno, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

    (1) Carrying A Loaded Firearm in violation of Cal P.C. § 12031, on or about July 30, 2010, in Fresno County, California;

    (2) Felon in Possession of a Firearm in violation of Cal P.C. § 12021, on or about March 6, 2012, in Fresno County, California;

    (3) Felon in Possession of a Firearm in violation of Cal P.C. § 29800, on or about June 13, 2012, in Fresno County, California;

    (4) Attempted Robbery in violation of Cal P.C. §§ 664 and 211, on or about March 28, 2014, in Fresno County, California;

    (5) Felon in Possession of a Firearm in violation of Cal P.C. § 29800, on or about August 16, 2019, in Fresno County, California;

    (6) Felon in Possession of a Firearm in violation of Cal P.C. § 29800, on or about September 16, 2019, in Fresno County, California;

///

did knowingly possess a firearm, specifically, a Glock 27 handgun, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FIVE: [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

    The Grand Jury further charges: T H A T

                      MCCAEL MARSHALL,

defendant herein, on or about April 21, 2024, in the County of Fresno, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

    (1) Domestic Violence Battery with Injury in violation of Cal. P.C. § 273.5, on or about May 30, 2014, in Fresno County, California;

    (2) Domestic Violence Battery with Injury in violation of Cal. P.C. § 273.5, on or about January 12, 2016, in Fresno County, California;

    (3) Felon in Possession of a Firearm in violation of Cal P.C. § 29800(a), on or about May 16, 2018, in Fresno County, California;

    (4) Felon in Possession of a Firearm or Ammunition in violation of 18 U.S.C. § 922(g)(1), on or about June 17, 2019, in the Eastern District of California;

did knowingly possess a firearm, specifically, a Glock 27 handgun, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

FORFEITURE ALLEGATION:   [18 U.S.C. §§ 924(d)(1), 934(a)(1)(A), 934(a)(1)(B), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

    1.    Upon conviction of the offense alleged in Counts One through Five of this Indictment, defendants WENDELL MOTON, DONNIE HICKS, and MCCAEL MARSHALL shall forfeit to the United States pursuant to Title 18, United States Code, Section 934(a)(1)(A), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such offense; and pursuant to Title 18, United States Code, Section 934(a)(1)(B), any of the defendant's

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

    2.    Upon conviction of the offense alleged in Counts One through Five of this Indictment, defendants WENDELL MOTON, DONNIE HICKS, and MCCAEL MARSHALL, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

    3.    If any property subject to forfeiture, as a result of the offenses alleged in this Indictment, for which defendant is convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

**[Remainder of page intentionally left blank.]**

INDICTMENT

5

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

**KIMBERLY A. SANCHEZ**
_____
KIMBERLY A. SANCHEZ
Assistant United States Attorney
Chief, Fresno Office

INDICTMENT                              6