MICHELE BECKWITH
Acting United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00126-NODJ-BAM |
|---|---|
| Plaintiff, | Related Case: 1:21-cr-00050-DAD |
| v. | |
| WENDELL MOTON | STIPULATION TO RESET MATTER FOR CHANGE OF PLEA AS TO WENDELL MOTON AND CONTINUE TRAILING TSR VIOLATION TO SAME DATE; AND ORDER |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Michele Beckwith, Acting United States Attorney and Robert L. Veneman-Hughes, Assistant U.S. Attorney, as well as Eric Kersten, attorney for defendant WENDELL MOTON that the change of plea set for April 7, 2025 at 9:00 a.m. be moved to April 14, 2025, before a district judge for change of plea. MOTON has a trailing TSR matter, 1:21-cr-00050-DAD, to be set for admission that same date.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The parties have reached a plea agreement and previously set a change of plea for April 7, 2025.

2. The court has let the parties know it has a scheduling conflict on April 7, 2025 and is instead available April 14, 2025.

3. By this stipulation, the parties now move to reset the existing hearing and exclude time from April 7, 2025 to April 14, 2025.

Stipulation                                  1

4. The parties agree and stipulate, and request that the Court find the following:

    a) Defendant has agreed to enter a change of plea and desires to have his counsel present and prepared for that hearing, and defense counsel needs the time requested in this stipulation to prepare for change of plea.

    b) The government does not object to the continuance.

    c) An ends-of-justice delay is particularly apt in this case because:

- The defendant has signed a plea agreement and the selected date is the soonest convenient date for court and counsel.

    d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 7, 2025 until April 14, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: April 1, 2025　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　MICHELE BECKWITH
　　　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　By　　/s/ Robert L. Veneman-Hughes
　　　　　　　　　　　　　　　　　　　　　　　　ROBERT L. VENEMAN-HUGHES
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

Dated: April 1, 2025　　　　　　　　　　　　　　/s/ Eric Kersten
　　　　　　　　　　　　　　　　　　　　　　　　ERIC KERSTEN
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Wendell MOTON

Stipulation　　　　　　　　　　　　　　2

**ORDER**

IT IS SO ORDERED that the change of plea hearing is continued from April 7, 2025, to **April 14, 2025, at 10:00 a.m. in Courtroom 5 before District Court Judge Dale A. Drozd**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The defendant's trailing TSR matter, 1:21-cr-00050-DAD, will be set for the same date and time.

IT IS SO ORDERED.

Dated:   **April 1, 2025**             /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

Stipulation                                  3